UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD MCBRAYER, Individually and For Others Similarly Situated,<br><br>　Plaintiff,<br><br>v.<br><br>PLASTER & WALD CONSULTING CORP.,<br><br>　Defendant. | Case No. 4:20-cv-01025<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Chad McBrayer (McBrayer) brings this lawsuit to recover unpaid overtime wages and other damages from Plaster & Wald Consulting Corp. (Plaster & Wald) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.  McBrayer worked for Plaster & Wald as a Rig Clerk from approximately April 2012 through December 2017.

3.  McBrayer and the other similarly situated workers who worked for Plaster & Wald in the last three years regularly worked more than 40 hours a week.

4.  But these workers never received overtime for the hours they worked in excess of 40 hours in a single workweek.

5.  Instead of paying overtime as required by the FLSA, Plaster & Wald improperly paid McBrayer and the Day Rate Workers a daily rate with no overtime compensation.

6.  Neither McBrayer, nor any other similarly situated workers who worked for Plaster & Wald and received a day-rate, received a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b).

10. Plaster & Wald conducts substantial business operations in this District and Division.

11. McBrayer performed work for Plaster & Wald in this District and Division.

12. For example, McBrayer was required to attend mandatory training in this District and Division in Katy, Texas.

## PARTIES

13. McBrayer worked for Plaster & Wald as a Rig Clerk from approximately April 2012 through December 2017.

14. McBrayer worked for Plaster & Wald throughout Texas and Louisiana, including in Harris County, Texas; DeWitt County, Texas, and; Claiborne Parish, Louisiana.

15. Throughout his employment and regardless of job location, Plaster & Wald paid McBrayer a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

16. Throughout his employment with Plaster & Wald, McBrayer was paid a day-rate with no overtime compensation.

17. McBrayer's written consent is attached as **Exhibit A**.

18. McBrayer brings this action on behalf of himself and all other similarly situated workers who were paid by Plaster & Wald's day-rate system.  Plaster & Wald paid each of these workers a flat

amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

19. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All oilfield workers employed by or working on behalf of, Plaster & Wald who were paid a day-rate with no overtime at any time during the past three (3) years** (the "Day Rate Workers").

20. The Day Rate Workers are easily ascertainable from Plaster & Wald's business and personnel records.

21. Plaster & Wald is headquartered in Mustang, Oklahoma. It may be served through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701**.

## COVERAGE UNDER THE FLSA

22. At all relevant times, Plaster & Wald has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, Plaster & Wald has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, Plaster & Wald has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Plaster & Wald has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and oilfield equipment - that have been moved in or produced for commerce.

25. In each of the last three years, Plaster & Wald has had annual gross volume of sales made or business done of at least $1,000,000.

26. At all relevant times, McBrayer and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

27. Plaster & Wald uniformly applied its policy of paying its Day Rate Workers, including McBrayer, a day rate with no overtime compensation.

28. Plaster & Wald applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

29. By paying its Day Rate Workers a day rate with no overtime compensation, Plaster & Wald violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

30. As a result of this policy, Plaster & Wald and the Day Rate Workers do not receive overtime as required by the FLSA.

31. Plaster & Wald's uniform compensation scheme of paying its Day Rate Workers a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

32. Plaster & Wald is a global oilfield services company with significant operations throughout the United States. Plaster & Wald provides oil field personnel to operators and other oil field service companies in need of alternative project staffing.

33. To provide these services, Plaster & Wald hired oilfield personnel (like McBrayer) to work on its behalf, including Drilling and Rig Clerks, Safety Consultants, Drilling Supervisors, Completion, Stimulation and Workover Supervisors, Safety Supervisors, Site Preparation and Construction Supervisors, Production Supervisors, and Facilities Supervisors.

34. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

35. Throughout his employment with Plaster & Wald, Plaster & Wald paid McBrayer on a day rate basis.

36. McBrayer and the Day Rate Workers work for Plaster & Wald under its day rate pay scheme.

37. McBrayer and the Day Rate Workers do not receive a salary.

38. If McBrayer and the Day Rate Workers did not work, they did not get paid.

39. McBrayer and the Day Rate Workers receive a day rate.

40. McBrayer and the Day Rate Workers do not receive overtime pay.

41. This is despite the fact McBrayer and the Day Rate Workers often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

42. For example, McBrayer received a day rate for each day he worked for Plaster & Wald.

43. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

44. McBrayer and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

45. McBrayer and the Day Rate Workers are not employed on a salary basis.

46. McBrayer and the Day Rate Workers do not, and never have, received guaranteed weekly compensation from Plaster & Wald irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

47. McBrayer and the Day Rate Workers work in accordance with the schedule set by Plaster & Wald and/or its clients.

48. McBrayer's work schedule is typical of the Day Rate Workers.

49. Plaster & Wald controls McBrayer and the Day Rate Workers' pay.

50. Likewise, Plaster & Wald and/or its clients control McBrayer and the Day Rate Workers' work.

51. Plaster & Wald requires McBrayer and the Day Rate Workers to follow Plaster & Wald and/or its clients' policies and procedures.

52. McBrayer and the Day Rate Workers' work must adhere to the quality standards put in place by Plaster & Wald and/or its clients.

53. McBrayer and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

54. All Plaster & Wald's Day Rate Workers perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

55. McBrayer and the Day Rate Workers provide inspection reports to Plaster & Wald (and/or its clients') personnel.

56. At all relevant times, Plaster & Wald and/or its clients maintained control over McBrayer and the Day Rate Workers via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

57. McBrayer and the Day Rate Workers do not have the power to hire or fire any employees.

58. McBrayer's working relationship with Plaster & Wald is similar Plaster & Wald's relationship with its other Day Rate Workers.

59. Plaster & Wald knew McBrayer and the Day Rate Workers worked more than 40 hours in a week.

60. Plaster & Wald knew, or showed reckless disregard for whether the Day Rate Workers were entitled to overtime under the FLSA.

61. Nonetheless, Plaster & Wald failed to pay McBrayer and the Day Rate Workers overtime.

62. Plaster & Wald willfully violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

63. McBrayer brings this claim as a collective action under the FLSA.

64. The Day Rate Workers were victimized by Plaster & Wald's pattern, practice, and/or policy which was in willful violation of the FLSA.

65. Other Day Rate Workers worked with McBrayer and indicated they were paid in the same manner (paid a day-rate with no overtime) and performed similar work.

66. Based on his experiences with Plaster & Wald, McBrayer is aware that Plaster & Wald's illegal practices were imposed on the Day Rate Workers.

67. The Day Rate Workers are similarly situated in all relevant respects.

68. The Day Rate Workers are blue-collar workers.

69. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

70. The illegal day-rate policy that Plaster & Wald imposed on McBrayer was likewise imposed on all Day Rate Workers.

71. Numerous individuals were victimized by this pattern, practice, and policy which was in willful violation of the FLSA.

72. The Day Rate Workers were similarly denied overtime when they worked more than 40 hours per week.

73. The overtime owed to McBrayer and the Day Rate Workers will be calculated using the same records and using the same formula.

74. McBrayer's experiences are therefore typical of the experiences of the Day Rate Workers.

75. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

76. McBrayer has no interests contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

77. Like each Putative Class Member, McBrayer has an interest in obtaining the unpaid overtime wages owed under federal law.

78. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

79. Absent a collective action, many Day Rate Workers will not obtain redress of their injuries and Plaster & Wald will reap the unjust benefits of violating the FLSA.

80. Further, even if some of the Day Rate Workers could afford individual litigation against Plaster & Wald, it would be unduly burdensome to the judicial system.

81. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Workers, as well as provide judicial consistency.

82. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

83. Among the common questions of law and fact are:

   a. Whether Plaster & Wald employed the Day Rate Workers within the meaning of the FLSA;

   b. Whether Plaster & Wald's decision to pay a day-rate with no overtime compensation to these workers was made in good faith;

   c. Whether Plaster & Wald's violation of the FLSA was willful; and

   d. Whether Plaster & Wald's illegal pay practice applied to the Day Rate Workers.

84. McBrayer and the Day Rate Workers sustained damages arising out of Plaster & Wald's illegal and uniform employment policy.

85. McBrayer knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

86. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Plaster & Wald's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

87. Plaster & Wald is liable under the FLSA for failing to pay overtime to McBrayer and the Day Rate Workers.

88. Consistent with Plaster & Wald's illegal day-rate policy, McBrayer and the Day Rate Workers were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

89. As part of its regular business practices, Plaster & Wald intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to McBrayer and the Day Rate Workers.

90. Plaster & Wald's illegal day-rate policy deprived McBrayer and the Day Rate Workers of the premium overtime wages they were owed under federal law.

91. Plaster & Wald was aware, or should have been aware, that the FLSA required it to pay McBrayer and the Day Rate Workers overtime premiums for all hours worked in excess of 40 hours per workweek.

92. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

93. This notice should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

94. Those similarly situated employees are known to Plaster & Wald, are readily identifiable, and can be located through Plaster & Wald's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

95. McBrayer realleges and incorporates by reference all allegations in preceding paragraphs.

96. McBrayer brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

97. Plaster & Wald owes McBrayer and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

98. Because Plaster & Wald knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Plaster & Wald owes these wages for at least the past three years.

99. Plaster & Wald is liable to McBrayer and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

100. McBrayer and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

101. Plaster & Wald cannot meet its burden to demonstrate McBrayer and Day Rate Workers are exempt from overtime under the administrative exemption.

102. Plaster & Wald cannot meet its burden to demonstrate the McBrayer and Day Rate Workers are exempt from overtime under the executive exemption.

103. Plaster & Wald cannot meet its burden to demonstrate McBrayer and Day Rate Workers are exempt from overtime under the professional exemption.

104. Plaster & Wald cannot meet its burden to demonstrate McBrayer and Day Rate Workers are exempt from overtime under the highly compensated exemption.

105. Plaster & Wald failed to guarantee McBrayer and the Day Rate Workers a salary.

106. Plaster & Wald failed to pay McBrayer and the Day Rate Workers overtime.

107. Plaster & Wald paid McBrayer and the Day Rate Workers a day-rate.

108. Plaster & Wald knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay McBrayer and the Day Rate Workers overtime compensation.

109. Plaster & Wald's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

110. Accordingly, McBrayer and the Day Rate Workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

111. McBrayer demands a trial by jury.

## PRAYER

WHEREFORE, McBrayer, individually, and on behalf of the Day Rate Workers respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Workers to permit them to join this action by filing a written notice of consent;

b. A judgment against Plaster & Wald awarding McBrayer and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*

**Michael A. Josephson**
Texas Bar No. 308410
Fed. Id. 27157
**Andrew W. Dunlap**
Texas Bar No. 24078444
Federal ID No. 1093163
**Carl A. Fitz**
Texas Bar No. 24105863
Fed. Id. 3158237
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**